UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:23-cv-00121-KDB

| | |
|---|---|
| TYRONE D. GLADDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| FNU HONEYCUTT, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint [Doc. 1], filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e) and 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 8].

## I. BACKGROUND

Pro se Plaintiff Tyrone D. Gladden ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Maury Correctional Institution in Maury, North Carolina. On August 2, 2023, Plaintiff filed this action pursuant to 42 U.S.C. § 1983 against FNU Honeycutt, Warden of Alexander Correctional Institution ("Alexander") in Taylorsville, North Carolina; and FNU Walker, identified as a Correctional Officer employed by the North Carolina Department of Public Safety (NCDPS).[1] [Doc. 1 at 1-2]. Plaintiff alleges that, on November 8, 2022, he was denied three "all black published magazines … due to the fact of articles that consist of Federal charges mentioned, a promo ad of a new book, and the mentioning of a R.I.C.O. charge" while he is "allowed to receive People, US Weekly that have the mentioning of being convicted of Federal charges, and these magazines are not black published." Plaintiff also alleges that the Alexander

---

[1] The NCDPS has been renamed the North Carolina Department of Adult Corrections (NCDAC).

library contains "True crime books," which are not "black published," that inmates are allowed to check out. [Id. at 2]. Plaintiff alleges that Defendant Walker "is the person who reject[s] or allow[s] magazines & books into the prison," and that both Defendants violated his "equal protection right … by refusing [him] to be allowed all black published magazines/books." [Id. at 2-3]. Plaintiff does not allege the capacities in which he sues the Defendants.

Plaintiff purports to state claims for racial discrimination, violation of his rights under the First Amendment, and "denial of the equal enjoyment of rights and privileges afforded other, and white prisoners," which the Court will construe under the Fourteenth Amendment's equal protection clause. [Id. at 3]. Plaintiff seeks monetary relief only. [Id. at 5].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law.

Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

#### A. Official Capacity Claims

To the extent Plaintiff intends to sue Defendants in their official capacities, these claims fail. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). Because a state is not a "person" under § 1983, state officials acting in their official capacities cannot be sued for damages thereunder. Allen v. Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019). Furthermore, as noted the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). Plaintiff's official capacity claims, if any, do not survive initial review and will be dismissed.

#### B. First Amendment

Prisoners have a limited First Amendment right to send and receive mail. Thornburgh v. Abbott, 490 U.S. 401, 407 (1989). First Amendment rights in prison, however, "may be curtailed by prison officials under appropriate circumstances." Corporal v. Pennington, No. DKC-20-3357, 2021 WL 3269084, at *6 (D. Md. July 30, 2021) (citation omitted). Incoming mail from outsiders to prisoners can be restricted if the restriction is reasonably related to legitimate penological interests. See Turner v. Safley, 482 U.S. 78, 89 (1987); Thornburgh v. Abbott, 490 U.S. 401, 404

3

(1989).  For instance, prison officials may inspect an inmate's outgoing and incoming mail because such is reasonably related to legitimate penological interests.  See generally Wolff v. McDonnell, 418 U.S. 539, 575 (1974); Turner,  482 U.S. at 89.  The Supreme Court has set out a four-factor test to determine the reasonableness of a prison regulation: (1) whether there is a valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it; (2) whether there are alternative means of exercising the right that remain open to prison inmates; (3) the impact of accommodation of the asserted constitutional right on guards and other inmates and on the allocation of prison resources generally; and (4) the availability of "ready alternatives" for furthering the governmental interest.  Id. at 89-90.

Taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, the Court finds that Plaintiff's First Amendment censorship claim against Defendants survives initial review as not clearly frivolous.

### C. Equal Protection

To state an equal protection claim, Plaintiff must allege that he has been treated differently from others with whom he is similarly situated, and that the unequal treatment was the result of intentional or purposeful discrimination.  See Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001).  In doing so, the plaintiff must set forth "specific, non-conclusory factual allegations that establish an improper [discriminatory] motive."  Williams v. Hansen, 326 F.3d 569, 584 (4th Cir. 2003) (quoting Trulock v. Freeh, 275 F.3d 391, 405 (4th Cir. 2001)).

Taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, Plaintiff has failed to state a claim for violation of his Fourteenth Amendment equal protection rights.  That is, Plaintiff does not allege that other, presumably non-African American

prisoners are allowed the publications or types of publications that he was denied. This claim will be dismissed.

### D. Racial Discrimination

Plaintiff also alleges racial discrimination. Racial discrimination claims are actionable. See <u>Henry v. Van Cleve</u>, 469 F.2d 687 (5th Cir.1972) (prisoners have constitutional right to be free from racial discrimination); <u>Rivers v. Royster</u>, 360 F.2d 592 (4th Cir.1966) (claim stated where right granted to whites and denied to blacks). Assuming the truth of Plaintiff's allegations and giving him the benefit of every reasonable inference, Plaintiff's racial discrimination claim is not based on indisputably meritless legal theory and, therefore, survives initial review.

## IV. CONCLUSION

In sum, the Complaint survives initial review under 28 U.S.C. §§ 1915A and 1915(e) as to Plaintiff's First Amendment censorship and racial discrimination claims in accordance with the terms of this Order. Plaintiff's remaining claims, including any official capacity claims and Plaintiff's equal protection claims fail initial review and will be dismissed.

## ORDER

**IT IS, THEREFORE, ORDERED** that all claims asserted in this matter as to all Defendants are hereby **DISMISSED** for failure to state a claim, except for Plaintiff's First Amendment censorship and racial discrimination claims, which are allowed to pass initial review.

**IT IS FURTHER ORDERED** that the Clerk of Court shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendants Walker and Honeycutt, who are alleged to be current or former employees of NCDPS.

The Clerk is also instructed to mail Plaintiff an Opt-In/Opt-Out form pursuant to Standing Order 3:19-mc-00060-FDW.

**IT IS SO ORDERED**.

Signed: August 23, 2023

*[Signature]*

Kenneth D. Bell
United States District Judge